# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUAL TECHNOLOGIES, INC., | CASE NO. 10cv2655 DMS (NLS) |
| Plaintiff, | |
| vs. | **ORDER (1) DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, (2) DENYING DEFENDANTS' MOTION TO TRANSFER, AND (3) DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| MICHAEL STERN and DIGIFLO, INC., | |
| Defendants. | |
| | [Docket No. 11] |

This case comes before the Court on Defendants' motion to dismiss for lack of personal jurisdiction, or in the alternative, motion to transfer venue, or in the alternative, motion to dismiss for failure to state a claim. Plaintiff filed an opposition to the motion. Defendants did not file a reply. For the reasons set out below, the Court denies Defendants' motion to dismiss for lack of personal jurisdiction, denies Defendants' motion to transfer and denies Defendants' motion to dismiss for failure to state a claim.

## I.

## BACKGROUND

Plaintiff SeQual Technologies, Inc. ("SeQual") and Defendants Michael Stern and DigiFLO, Inc. are former business partners in the field of oxygen concentrator technology. In August 2010, Stern and

DigiFLO filed a complaint against SeQual in the United States District Court for the Western District of Washington alleging a claim for infringement of United States Patent Number 5,627,323 ("the '323 Patent"). That case is currently pending before that court.

On December 22, 2010, SeQual filed the present complaint against Stern and DigiFLO alleging claims for infringement of United States Patent Number 5,593,478 ("the '478 Patent") and United States Patent Number 5,730,778 ("the '778 Patent"). In response to the present complaint, Stern and DigiFLO filed the present motion.

## II.

## DISCUSSION

Stern and DigiFLO move the Court to dismiss this case for lack of personal jurisdiction. In the alternative, they move the Court to transfer this case to the Western District of Washington. As a final alternative, they move for dismissal of SeQual's complaint for failure to state a claim. SeQual disputes each argument.

**A.     Personal Jurisdiction**

Federal Circuit law applies to the personal jurisdiction inquiry in this case. *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010), *pet. for cert. filed*, No. 10-1019, 79 U.S.L.W. 3480 (Feb. 10, 2011), (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)). Under that law, "'[p]ersonal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process.'" *Id.* (quoting *3D Systems Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998)). "Because California's long-arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal law are the same." *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). That analysis asks "'whether the defendant purposefully established 'minimum contacts' in the forum State.'" *Id.* at 1230-31 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

There are two ways of establishing minimum contacts. The first is through general jurisdiction, "which requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts."

*Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003) (citations omitted).  The second way to find minimum contacts is through specific jurisdiction, which is "based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citing *Silent Drive*, 326 F.3d at 1200).  "The Federal Circuit applies a three prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance*, 626 F.3d at 1231 (citations omitted).

Plaintiff asserts that personal jurisdiction exists under either of these tests.  Because the parties have not conducted any jurisdictional discovery, Plaintiff "need only make a prima facie showing of jurisdiction." *Id.* (citing *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005)).  If Plaintiff's factual allegations are uncontroverted, the court must accept them as true for purposes of determining jurisdiction. *Id.*  If the facts are disputed, the court must resolve those disputes in Plaintiff's favor. *Id.*

Looking at specific jurisdiction first, Plaintiff alleges Defendants "offered for sale in this district products containing the technology alleged to be infringing the claims of SeQual's patents."  (Compl. ¶ 6.)  Specifically, Defendant Stern sent an e-mail to Timothy Coonan at SeQual regarding "Flow rate sets concentrator valve timing control - OCSC[.]"  (Decl. of Peter Armstrong in Supp. of Opp'n to Mot. to Dismiss, Ex. 5.)  In that e-mail, Defendant Stern announces that Defendant DigiFLO is releasing a new version of its concentrator sensor, or OCSC.  (*Id.*)  The e-mail includes a link to DigiFLO's website, and pricing for the new product.  (*Id.*)  That e-mail satisfies the first prong of the specific jurisdiction test, namely activity purposefully directed at the forum state.  *See Sitrick v. Freehand Systems, Inc.*, No. 02 C 1568, 2002 WL 31443128, at *3 (N.D. Ill. Oct. 30, 2002) (finding distribution of sales brochures in the forum state satisfies the first prong for specific jurisdiction); *Int'l Truck and Engine Corp. v. Dawson Int'l Inc.*, 216 F.Supp.2d 754, 760-61 (N.D. Ind. 2002) (stating "where specific advertisements are purposefully circulated to residents of the forum state, a defendant has purposefully availed itself to suit in the forum state.")

/ / /

The second prong of the specific jurisdiction inquiry asks whether the claim arises out of or relates to the activity in the forum state, which in this case is Defendants' e-mail.  Plaintiff's claims allege infringement of two patents by the "making, using, offering for sale, importing, and/or actively inducing others to use ... ambulatory oxygen systems and/or constituent components thereof[.]" (Compl. ¶ 9.)  Defendants' e-mail constitutes an offer for sale of one of these products, *see 3D Systems, Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378-79 (Fed. Cir. 1998), and thus the second prong of specific jurisdiction is satisfied.

The final prong of specific jurisdiction asks whether the exercise of personal jurisdiction would be fair and reasonable.  This factor:

> applies only sparingly.  When a defendant seeks to rely on the "fair play and substantial justice" factor to avoid the exercise of jurisdiction by a court that otherwise would have personal jurisdiction over the defendant, "he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."

*Nuance*, 626 F.3d at 1231 (quoting *Burger King*, 471 U.S. at 477).  Here, Defendants do not offer any evidence or argument as to why or how the exercise of personal jurisdiction over them would be unfair or unreasonable.  Thus, this factor does not defeat Plaintiff's showing that the exercise of specific jurisdiction is proper.

In light of the Court's consideration of these factors, Plaintiff has made a prima facie showing that specific jurisdiction exists in this case.[1]  Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is denied.

**B.**     **Motion to Transfer**

As an alternative to dismissal for lack of personal jurisdiction, Defendants move to transfer the present case to the United States District Court for the Western District of Washington.  Defendants do not cite the legal basis for this request, but it appears to be based on 28 U.S.C. § 1404(a).  That statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The moving party bears the burden of establishing these factors weigh in favor of transfer.

---

[1]  Because the Court finds it may exercise specific jurisdiction over Defendants, it does not address the issue of general jurisdiction.

*Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1095 (N.D. Cal. 2003) (citing *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1088 (N.D. Cal. 2002) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

Defendants here devote less than one page of their brief to discussing the factors under § 1404(a). They simply assert that it would be more economical for the parties and the courts to litigate this case in the Western District of Washington since the parties are already litigating another case in that court. This assertion, however, does not warrant a convenience transfer. Indeed, Defendants ignore that the cases involve different patents held by different companies, as well as different accused products. Under these circumstances, Defendants have failed to show that transfer to the Western District of Washington is appropriate.

## C.    Motion to Dismiss

Finally, Defendants move to dismiss the Complaint in its entirety for failure to state a claim. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Here, Defendants assert Plaintiff has failed to allege the elements of its claims for patent infringement because (1) it failed to identify how the patents in suit "read on" the accused products, (2) it failed to explain how the elements of the patent claims are found in the accused products, (3) it failed

to allege Defendants were on notice of the patents in suit, and (4) Plaintiff failed to allege that it marked its products with its patent numbers.  (Mem. of P. & A. in Supp. of Mot. at 9.)  However, Defendants fail to cite any authority that requires these elements, or this level of detail, be provided in a complaint for patent infringement.  Indeed, the Federal Circuit has specifically refuted that the patentee must include each element of the patent claims in its complaint. *See McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) ("a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent.")  Thus, this argument does not warrant dismissal of Plaintiff's Complaint.

Defendants' only other arguments in support of their request for dismissal go to the merits of Plaintiff's claims, not whether Plaintiff has satisfied the pleading requirements.  (*See* Mem. of P. & A. in Supp. of Mot. at 10-12.)  Accordingly, the Court denies Defendants' motion to dismiss the Complaint for failure to state a claim.

### III.

### CONCLUSION

For these reasons, the Court denies Defendants' motion to dismiss for lack of personal jurisdiction, denies Defendants' motion to transfer venue and denies Defendants' motion to dismiss for failure to state a claim.

**IT IS SO ORDERED**.

DATED:  April 4, 2011

_____
HON. DANA M. SABRAW
United States District Judge