UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUAL TECHNOLOGIES, INC.<br><br>  Plaintiff,<br>v.<br>MICHAEL STERN, DIGIFLO, INC.<br><br>  Defendants. | Civil No. 10cv2655 DMS (NLS)<br><br>**ORDER DENYING EX PARTE MOTION FOR EQUAL PARTICIPATION OR CANCELLATION OF FEBRUARY 22, 2012, NOVEMBER 28, 2012 CASD COURT MANDATORY SETTLEMENT CONFERENCE**<br><br>[Docket No. 55.] |

## I. INTRODUCTION

On June 20, 2011, the Court conducted an Early Neutral Evaluation ("ENE") but the case did not settle. [Docket No. 21.] On June 23, 2011, the Court issued a Scheduling Order that set Mandatory Settlement Conference Dates for February 22, 2012 and November 28, 2012. [Docket No. 22.] On February 13, 2012, Defendant Michael Stern ("Stern"), delivered to chambers an Ex Parte Motion for Equal Participation or Cancellation of February 22, 2012, November 28, 2012 CASD Court Mandatory Settlement Conference.[1] [Docket No. 55, ("Ex Parte Motion").]

Stern notes that he attended the ENE in this case on behalf of himself and as President of

---

[1] Chambers staff forwarded the Ex Parte Motion to the clerk's office with directions that it be filed. Defendant Stern is specifically informed that chambers staff will not redirect chambers copies for filing in the future. Defendant Stern must file properly with the court any future court documents.

Defendant Digiflo, Inc. ("Digiflo" collectively "Defendants"). Stern then claims that the ENE failed because Sequal "representatives had no economic authority, related to the economic affairs of their company." [Ex Parte Motion at 2.] Similarly, Stern argues that Sequal "uses the CASD court as a financial pressure tool on Digiflo & myself, to have our legal expenses to be [sic] as high as possible." Finally, Stern claims that "Plaintiff plan [sic] is to only show fake and inexpensive representation at mandatory, tax payer financed, settlement conferences." [*Id.*] Based on these assertions, Stern asks the court to: 1) Order Sequal to bring its President or CEO to the Mandatory Settlement Conference; 2) Consider cancelling the Mandatory Settlement Conferences; 3) Order Sequal to pay for Defendants expenses in attending the Mandatory Settlement Conferences; and 4) to allow the DigiFLO attorney to attend the Mandatory Settlement Conferences by telephone.

On February 13, 2012, Plaintiff Sequal Technologies, Inc. ("Sequal") filed an Opposition to the Ex Parte Motion. [Docket No. 56.] For the foregoing reasons, the Ex Parte Motion is Denied.

**II.     DISCUSSION**

**A.     Stern Failed to Meet and Confer**

The Chambers Rules state: "Appropriate ex parte applications must . . . include a description of the dispute, the relief sought, reasonable and appropriate notice to the opposition and an attempt to resolve the dispute without the court's intervention." [Chambers Rules at 1.] Stern provides no statement that he attempted to resolve the dispute without court intervention. Sequal states that it was provided no notice that Stern would be seeking to: 1) vacate the November Mandatory Settlement Conference; 2) require particular Sequal representatives at the Mandatory Settlement Conference; 3) force Sequal to pay his costs to attend the Mandatory Settlement Conference; or 4) excuse personal attendance of defense counsel. [Opp at 3.] Accordingly, Stern failed to follow chambers rules and did not adequately meet and confer prior to submitting the Ex Parte Motion. The Ex Parte Motion could be denied on this ground alone. The Court will, nonetheless, address the substance of the Ex Parte Motion.

**B.     Stern Failed to Provide Good Cause for the Relief Requested**

1.     <u>No Good Cause Exists to Allow Stern to Choose Sequal's Representative</u>

Stern first argues that Sequal should be forced to bring its President or CEO to the Mandatory Settlement Conference, based on an assertion that Sequal did not bring an appropriate representative to

the ENE. The Order setting the ENE required: "In addition to counsel who will try the case, a party or party representative with full settlement authority must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers)." [Docket No. 20.] The ENE was attended by Matthew Klaben, Vice President, General Counsel and Secretary of Sequal, who possessed full settlement authority. [Opp. at 2.] There is nothing in the court record to indicate that Sequal failed in any way to comply with the Court Order. Accordingly, there is no good cause to require Sequal to bring any particular representative to the Mandatory Settlement Conference, so long as the representative it chooses has the requisite authority.

2. <u>No Good Cause Exists to Vacate the Mandatory Settlement Conferences</u>

Stern next argues that the February and November Mandatory Settlement Conferences should be vacated. As Sequal argues in Opposition, Stern presents no good cause for cancelling either the February or November Mandatory Settlement Conferences. Stern has simply asserted that Sequal intends to "only show fake and inexpensive representation" at the Mandatory Settlement Conference. Stern offers nothing to support this assertion.[2] Moreover, the Court, not Sequal, has ordered that the Mandatory Settlement Conferences take place and has determined that settlement conferences at these times would be valuable. Accordingly, Stern's allegations regarding Sequal's motivations in relation to the costs of this lawsuit are not relevant and good cause is lacking to cancel the Mandatory Settlement Conferences.

3. <u>No Good Cause Exists to Force Sequal to Cover Stern's Costs</u>

Stern also asks the Court to order Sequal to finance Defendants' costs of appearing at the Mandatory Settlement Conference. As Sequal argues, Defendants present no justification for the

---

[2] Stern attached a document from Sequal, claiming it shows "plaintiff uses the CASD court as a financial pressure tool" [Ex Parte Motion, Ex. A.] Sequal asserts that Stern has improperly attached a settlement communication. The Court is without sufficient information as to whether the communication was improperly attached and expresses no opinion on that question. The Court does, however, note that it draws no inference from this communication that Sequal acted in any improper manner.

request to be relieved of the normal costs of defending a lawsuit.

          4.    <u>No Good Cause Exists to Allow Digiflo's Counsel to Appear Telephonically</u>

Finally, Defendants seek to allow Digiflo's counsel to appear by telephone at the Mandatory Settlement Conference. The only reason given is to "reduce our costs." As noted above, Defendants have provided no good cause why they should be relieved of the ordinary costs of defending this lawsuit.

**III.    CONCLUSION**

For the reasons stated above, and Good Cause Not Appearing, It Is Hereby Ordered that the Ex Parte Motion is DENIED in its entirely.

IT IS SO ORDERED.

DATED: February 14, 2012

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court